# PHILADELPHIA, BALTIMORE, & WASHINGTON RAILROAD COMPANY *v.* SCHUBERT.

### RELEASE; RAILROADS; EMPLOYERS' LIABILITY ACT.

Membership by a railroad employee in a relief association partially supported by associated railway companies, of which the employer is one, the rules of which association provide that acceptance of benefits shall bar claims by members against any of the companies for personal injuries received during employment, and acceptance of such benefits, do not constitute a release by such employee of the company employing him of a claim for personal injuries received during employment by reason of the negligence of the company. Construing sec. 5, employers' liability act of Congress of April 22, 1908, 35 Stat. at L. 65, chap. 149, U. S. Comp. Stat. Supp. 1909, p. 1171, and citing *McNamara* v. *Washington Terminal Co.* 35 App. D. C. 230.)

No. 2222. Submitted February 7, 1911. Decided March 6, 1911.

HEARING on an appeal by the defendant from a judgment of the Supreme Court of the District of Columbia, on verdict, in an action for alleged personal injury.          *Affirmed.*

· The COURT in the opinion stated the facts as follows: ˙

This is an appeal from a judgment recovered by Theodore A. Schubert, an employee of the Philadelphia, Baltimore, & Washington Railway Company, against said company in an action for personal injuries received.

The railway company filed a plea alleging the following facts substantially: Plaintiff, before the receipt of his injuries, applied for membership in the relief fund of the company, and was admitted thereto. The funds of the association are derived from voluntary payments by members at a fixed monthly rate. The associated railways of the system to which defendant belonged took general charge of the relief department and its funds, becoming responsible for their safe-keeping, supplied the facilities for conducting the administration, paid all the operating expenses, and guaranteed the fulfilment of all obligations. During the year 1908, in which plaintiff received his injuries, there were 6,909 members of the relief association, and defendant contributed that year $21,557.02 as the cost of administration. The regulations of the association provided that if a member or his legal representatives should make claim against one of the associated railway companies on account of injuries, the payments of benefits from the fund should not be made unless the claim should be withdrawn. Any compromise or judgment in such suit shall preclude any claim upon the relief fund; and the acceptance of benefits from the relief fund by a member or his beneficiaries shall operate as a release and satisfaction of all claims against the railway company for damages arising from such injury or death. That after the plaintiff received his said injuries, he had his election between the acceptance of benefits from said fund, and the bringing of an action for damages against the defendant. That plaintiff voluntarily and freely accepted certain benefits from said fund, receiving the following sums therefrom: June 12th, 1908, for eighteen days, $18; July 10th, 1908, for thirty days, $30; and on August 7, 1908, for thirty-one days, $31. That after said payments the plaintiff made a claim for damages,

and no more payments were made to him from said fund. That the voluntary acceptance of said benefits subsequent to the date of his said injury, and prior to the institution of his action, by the terms of said regulations, operated a release of all claims of damages, and is a bar to the said action.

The court sustained a demurrer to this plea. Plaintiff recovered a judgment for $7,500, from which this appeal has been prosecuted.

*Mr. Frederick D. McKenney, Mr. John S. Flannery,* and *Mr. William Hitz* for the appellant.

*Mr. M. J. Fulton, Mr. Joseph W. Cox,* and *Mr. John A. Kratz, Jr.,* for the appellee.

Mr. Chief Justice Shepard delivered the opinion of the Court:

The single error presented for consideration is that assigned on exceptions taken to the action of the court in sustaining the demurrer to defendant's plea, hereinbefore set out.

The action was maintained under the employers' liability act approved April 22, 1908 (35 Stat. at L. 65, chap. 149, U. S. Comp. Stat. Supp. 1909, p. 1171); and the ground for overruling the demurrer is found in sec. 5 of said act, which reads as follows:

"That any contract, rule, regulation, or device whatsoever, the purpose or intent of which shall be to enable any common carrier to exempt itself from any liability created by this act, shall to that extent be void: Provided, that in any action brought against any such common carrier under or by virtue of any of the provisions of this act, such common carrier may set off therein any sum it has contributed or paid to any insurance, relief benefit, or indemnity that may have been paid to the injured employee or the person entitled thereto on account of the injury or death for which said action was brought."

The act of 1908, it will be remembered, was enacted to

remedy the defects which had rendered the act of 1906 to a certain extent invalid. The language of sec. 5 differs in language from sec. 3 of the earlier act, which deals with the same subject.

The difference is the basis of an argument that contracts of the nature and purpose of that set forth in the plea were not intended to be stricken down by sec. 5. Without following the argument, or reviewing the provisions of the former section in connection with sec. 5, we think it sufficient to say that we see no ground for the distinction urged. The contract in this case is, in our opinion, clearly within the prohibition of sec. 5 of the act of 1908.

The argument directed to the constitutionality of sec. 5, as interpreted above, is, we think, substantially answered in the opinion of Mr. Justice Robb, in the recent case of *McNamara* v. *Washington Terminal Co.* 35 App. D. C. 230, though the question involved was the validity of sec. 3 of the former act, which act, though inoperative in a State, has been held to be operative in the District of Columbia and other territory under the exclusive jurisdiction of the United States. Since the submission of this case, the questions here raised have been set at rest by a decision of the Supreme Court of the United States in *Chicago, B. & Q. R. Co.* v. *McGuire,* 219 U. S. 549, 55 L. ed.—, 31 Sup. Ct. Rep. 259. In view of that decision, further discussion is unimportant as well as unnecessary.

There was no error in the judgment sustaining the demurrer, and the judgment will be affirmed, with costs.    *Affirmed.*